Craig S. Mende (CM 3906)
Michael Chiappetta (MC 7644)
Evan Gourvitz (EG 5449)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel.: (212) 813-5900
Fax: (212) 813-5901
Attorneys for Plaintiff



DATE FILED: 7/25/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TROLL COMPANY A/S,

                Plaintiff,

v.

CENTURY NOVELTY COMPANY, INC.,
TOY CONNECTION, INC.,
and U.S. TOY CO., INC.,

                Defendants.

-----------------------------------------------------------x

Case No. 06 CV 4845 (NRB)

## ORDER ON CONSENT FOR PRELIMINARY INJUNCTION

WHEREAS, on June 22, 2006 Plaintiff Troll Co. A/S ("Troll Co.") filed its Complaint in this action; and

WHEREAS, on June 29, 2006, defendant Century Novelty Co., Inc. ("Century") was properly served with the summons and complaint in this action, along with copies of the papers filed in support of Troll Co.'s motion for preliminary injunction; and

WHEREAS, on June 30, 2006, upon Troll Co.'s application, the Court entered an amended order requiring defendants Century and Toy Connection Inc. ("TCI") to appear before the Court on July 7, 2006 at 9:15 a.m. to show cause why plaintiff should not be granted a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining defendants Century and TCI during the

pendency of this action from the manufacture, marketing, distribution, and sale of "Troll Pencil Toppers," "Wacky Troll Pencil Tops," "Troll Rings," or any other goods that are substantially similar to plaintiff's Good Luck Troll doll (the "At-Issue Goods"); and

WHEREAS, defendant Century has acknowledged advertising and selling At-Issue Goods, namely, "Troll Rings" and "Troll Pencil Toppers," and consents to entry of a preliminary injunction on the terms set forth herein; and

WHEREAS, this Court has jurisdiction over Century and the subject matter hereto;

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned parties, through their attorneys, subject to the approval of the Court, that a preliminary injunction be entered as follows:

1. Enjoining and restraining Century, its officers and directors, its agents, servants, employees and attorneys, and all those in active concert and participation with any of them, or any other company in which any of the said officers and directors is an officer or otherwise has control, and including any manufacturers, suppliers or other persons, who receive actual notice of this order by personal service or otherwise, from:

(a) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising (on the Internet or otherwise), promoting or displaying the "Troll Rings" and "Troll Pencil Toppers" (as shown in Exhibit 4 to the Complaint), or any other At-Issue Goods;

(b) Importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising (on the Internet or otherwise), promoting or displaying any product reproducing, counterfeiting, copying, derived from, or substantially similar to Troll Co.'s Good Luck Troll doll (as shown in Exhibit 1 to the Complaint) (the "Good Luck Troll");

(c) Transferring, consigning, selling, shipping or otherwise moving the At-Issue Goods;

(d) Engaging in any other activity constituting infringement of Troll Co.'s copyright in the Good Luck Troll;

(e) Disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of At-Issue Goods; and

(f) Instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

2. Directing that TCI produce to Plaintiff no later than 3:00 p.m. (New York time) on July 6, 2006, a statement under oath stating the volume of At-Issue Goods sold by Century; stating the gross sales of At Issue-Goods; and listing all of the names, addresses of: (a) the supplier of its "Troll Rings" and "Troll Pencil Toppers," and any other At-Issue Goods; (b) retailers and others to whom Century has sold, distributed or supplied At-Issue Goods; and (c) all others known or believed by Century to have participated in the manufacture, distribution, offering or sale of any At-Issue Goods.

Dated: New York, NY  
July 13, 2006

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____  
Craig S. Mende (CM 3906)  
Michael Chiappetta (MC 7644)  
Evan Gourvitz (EG 5449)  
866 United Nations Plaza  
New York, New York 10017  
(212) 813-5900  
Attorneys for Plaintiff Troll Co. A/S

3

PAUL JANHEVICH PLLC

By: _____
Paul Janhevich, Esq.
32437 5 Mile Road
Livonia, MI 48154
734-421-7272
Attorneys for Defendant Century Novelty Co., Inc.

Approved and Agreed:

CENTURY NOVELTY CO., INC.

By: _____
Printed Name: Kevin Madigan
Title: Chief Executive Officer
Date: July 12, 2006

SO ORDERED:

_____
U.S.D.J.
7/20/06

I:\egourvitz\TROLLUS Toy\060629-0474303-pi-order-century.doc

4